# UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA RICHARDSON-LOVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-02623 |
| | ) | |
| MIDLAND FUNDING, LLC, and | ) | |
| MIDLAND CREDIT | ) | |
| MANAGEMENT, INC., | ) | |
| | ) | Jury Demanded |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Cynthia Richardson-Love, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. Defendants sent a collection letter to Plaintiff that offered flexible payment options, and stated the account may be reported to the credit bureaus, misrepresenting the fact it was already being reported to the credit bureaus.

5.      Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Cynthia Richardson-Love ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

8.      Midland is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Midland holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. Midland regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit C, Record from Illinois Secretary of State).

12. MCM holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

13. MCM regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. According to Defendants, Plaintiff incurred a debt, used for personal, family or household purposes, alleged owed for a Credit One consumer credit account ("alleged debt"). The alleged debt is, thus, a "debt" as that term is defined in § 1692a(5) of the FDCPA.

15. Due to her financial circumstances, Plaintiff was unable to pay any debts and the alleged debt went into default.

16. Midland subsequently acquired the alleged debt and assigned it to MCM for collection.

17. On or about February 3, 2017, MCM mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit E, Collection Letter).

18. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount.

19. The Letter was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

20. The Letter stated in relevant part:

**To welcome you to MCM, we'd like to offer you an opportunity to discuss flexible payment options to resolve this account.**

21. The Letter also states:

**P.S. Any discounts or repayment options do not alter your validation rights as described on the reverse side.**

22. MCM was offering to settle the alleged debt with flexible payment options, and a possible discount, but also directed Plaintiff to the reverse side of the letter.

23. The reverse side of the Letter goes on to state:

**P.S. You are hereby notified that a negative credit report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.**

24. Plaintiff believed, and the unsophisticated consumer would believe, that the alleged debt would be reported on her credit report unless she agreed to a flexible payment option, or otherwise arranged to pay the alleged debt, at a discount or otherwise.

25. In fact, the alleged debt had already been reported negatively to a credit bureau. (Exhibit F, Excerpt of Plaintiff's credit report showing Credit One tradeline as reported by Transunion and Equifax).

26. Defendants offered a false incentive to pay the alleged debt, which was intended to make the consumer afraid of negative effects on her credit report and rating in hopes of pressuring her to make payment arrangements, even though the alleged debt was already being reported to the credit bureaus and was already damaging her credit score.

27. Even if Plaintiff had entered into any such payment arrangement with MCM, the negative credit report would have remained.

28. Defendants made this false incentive in an attempt to coerce Plaintiff into settling the alleged debt.

29. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

31. Defendants used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when while making a settlement offer they stated that negative credit reporting may begin, when in fact the alleged debt had already been reported to the credit bureaus.

32. The statement that a delinquent account "may be reported" to a credit bureau when the account has in fact already been so reported is can mislead the unsophisticated consumer. *Johnson v. Enhanced Recovery Co.*, LLC, No. 216CV00330PPSAPR, 2017 WL 168960, at *4 (N.D. Ind. Jan. 17, 2017).

33. The statement is carefully crafted to obscure the fact that the debt was already being reported on her credit report. *Cuenca v. Harris & Harris, Ltd.*, No. 16-CV-05385, 2017 WL 1196922, at *2 (N.D. Ill. Mar. 31, 2017) (citing *Pantoja v. Portfolio Recovery Assocs., LLC*,

No. 15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017) (holding that carefully crafted language that obscures related information is the sort of misleading tactic the FDCPA prohibits).

34. Conditional language (i.e. "*may* be submitted"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

35. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Defendants' misrepresentation that a negative credit report had not yet been submitted to a credit bureau could cause Plaintiff to prioritize paying this alleged debt over others, even if she did not owe it, in hopes of it not being put on her credit report. The use of a false statement to encourage a consumer to pay a debt is prohibited by the FDCPA.

36. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

37. Defendants used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when they stated that a negative credit report may be submitted to a credit reporting agency, when in fact the alleged debt was already being reported to the credit bureaus.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

A. Statutory damages from Defendant MCM pursuant to 15 U.S.C. § 1692k(a)(2);

B. Statutory damages from Defendant Midland pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha J. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com