IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELA RAMIREZ, FIDELA AVINA, RUEL NIETO, KATHERINE RANOS, and EVALINA GONZALEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 1:17-cv-02626<br><br>Judge: Jorge L. Alonso<br><br>Magistrate Judge: Susan E. Cox |

## MOTION TO REASSIGN AND TO CONSOLIDATE RELATED CASE PURSUANT TO LOCAL RULE 40.4 AND FED. R. CIV. P. 42

Defendants Midland Funding, LLC ("MF"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc., together ("Defendants") by and through their attorneys David M. Schultz, Brandon S. Stein, and Lindsey A.L. Conley, and pursuant to Local Rule 40.4(c) and Federal Rule of Civil Procedure 42, hereby moves to reassign to this Court as related, and to consolidate the following case: *Ruel Nieto v. Midland Funding, LLC & Midland Credit Management, Inc.,* Case No. 1:18-cv-00216 (J. Pallmeyer). In support of their Motion, Defendants state as follows:

### INTRODUCTION

On October 18, 2017, Defendants filed a Motion to Reassign a group of cases to this Court. Dkt. #31. All of those cases involved plaintiffs represented by the same lawyers suing the same defendants (also represented by the same law firm) on the same claim. Dkt. #31. This Court granted Defendants' Motion, and additionally consolidated the cases into this action *sua sponte.* Dkt. #33. This Court will recall that one of the cases that was the subject of that Motion was a lawsuit brought by Ruel Nieto, now a named Plaintiff in this action. As a part of its Order,

301184653v1 0997515

the Court ordered a consolidated complaint to be filed by the plaintiffs. Dkt. #33. Plaintiffs did that on November 17, 2017. Dkt. #34. Ruel Nieto did not assert any additional claims in the consolidated complaint outside of what had been asserted in her lawsuit that was reassigned and consolidated.

Yet, on January 11, 2018, Ruel Nieto, through the same Counsel that represents her here, filed a second lawsuit against the same defendants. *See* Case No. 1:18-cv-00216 (hereinafter, "Nieto II"). Curiously, Nieto's claims in this second lawsuit are based on letters received as far as **nine months prior** to the filing of her first lawsuit, but those claims were not brought as a part of Nieto I, or as a part of the consolidated complaint that this Court ordered.[1] Nieto brings two claims in the second lawsuit: (1) the exact same claim that all of the plaintiffs in this action have brought against the defendants but on a different account that Nieto owed; and (2) an additional claim arising out of collection letters that the same defendants sent her. *See* Ex. A, ¶¶ 16-33; 38-53. The Court will see that Nieto's second "flexible options" claim results in her being a member of the class that she is seeking to represent in this case. The Court will similarly see that the second claim is of the same subject matter as Nieto's claims in this case (language in collection letters). Therefore, this Court should reassign and consolidate Nieto II into this case.

## ARGUMENT

**I.     Reassignment and Consolidation are proper under Northern District of Illinois Local Rule 40.4 and Fed. R. Civ. P. 42.**

To reassign a civil case pursuant to Local Rule 40.4, a movant must show that the cases are "related," meaning the cases "involve one of the following conditions: the same property; similar issues of fact or law; or the same transaction or occurrence." *Pochert v. Blatt,*

---

[1] Nieto had the opportunity to assert these claims in the consolidated complaint, given that this case added additional allegations such as class claims.

301184653v1 0997515

*Hasenmiller, Leibsker & Moore, LLC*, No. 11CV2440, 2011 WL 4007731, *2 (N.D. Ill. Sept. 9, 2011); *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 2000CV4623, 2008 WL 1848142, *3 (N.D. Ill. Apr. 23, 2008) ("two cases need not be absolutely identical to be related for purposes of LR 40.4").  Once a movant establishes relatedness, a court may reassign one or more cases if the following criteria are met: (1) the cases are pending in the District Court for the Northern District of Illinois; (2) reassignment will result in judicial economy; (3) reassignment will not cause a substantial delay; and (4) it is possible to dispose of multiple cases in a single proceeding. *Pochert*, at *2 (citing L.R. 40.4(b)).  A court can dispose of multiple cases in a single proceeding "if issues of both law and fact are the same in the related cases." *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2002CV5893, 2003 WL 21011757, *3 (N.D. Ill. May 5, 2003); *Fairbanks Capital Corp. v. Jenkins*, No. 2002CV3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (holding that a determination of the key common legal and factual issues would be outcome determinative to all of the cases and thus satisfied LR 40.4(b)(4)).

Similarly, Federal Rule of Civil Procedure 42(a) states that "if actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay." *See Brunner v. Jimmy John's, LLC*, 2016 U.S. Dist. LEXIS 5725, *7-8 (N.D. Ill. Jan. 14, 2016) (noting "Rule 42 requires only 'a common issue of law or fact…'") citing Fed. R. Civ. P. 42. A court should consider whether the proposed consolidation would promote convenience and judicial economy. *Sylverne v. Data Search N.Y., Inc.*, 2008 WL 4686163, *1 (N.D. Ill. May 28, 2008). Reassigning the related case of Nieto II to this court and consolidating it into this case would serve judicial economy and convenience, streamline the litigation for more efficient disposition, and not delay any case.

3

Nieto II is related to this case under the Local Rule. The claims involve the same common issue of fact and law. Both cases involve a claim that MF and MCM violated the FDCPA having certain language in a collection letter that was sent. Ex. A. One of the claims in Nieto II is identical to all of the claims being asserted in this case by the various plaintiffs. The second claim addresses the same subject matter as this case: language in a collection letter sent by the same defendants. Nieto is represented by the same lawyers in both cases. Nieto complains of the same language in both cases. Both cases involve the same law as both are brought pursuant to the FDCPA. More narrowly, the claims in both cases are that Defendants threatened to take an action they did not intend to take in violation of 15 U.S.C. § 1692e(5), and used unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.[2] Ex. A, ¶ 61-64. The prayers for relief in both cases are identical. Ex. A, P. 10. For the foregoing reasons, both cases are related and capable of being resolved in a single proceeding.

Reassigning the later-filed case to this Court and consolidating it into this case will increase judicial economy by allowing one judge to learn the facts and law related to the cases and to schedule and conduct hearings involving the same attorneys simultaneously. *See Blair v. Equifax Check Services, Inc.,* 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). Discovery can be narrowed by allowing for written discovery to be utilized in all cases. Defendants' depositions can be taken one time instead of twice. The Court's role in supervising discovery and thus its overall resources will be conserved. There is no good reason that two judges in the same district should handle two different cases involving the same

---

[2] Plaintiff's theory of liability in Nieto II also involves a claim for an alleged false statement under § 1692e(10).

claim brought on behalf of the same plaintiff, represented by the same lawyers, against the same defendants, represented by the same lawyers. That would not serve judicial economy.

Reassignment and consolidation will not cause substantial delay because each case is at an early stage. Defendants' responsive pleadings are due in this case on February 16, 2018. Dkt. #48. The responsive pleadings in Nieto II are due just two days prior on February 14, 2018.[3] Discovery schedules have not been set in either case. The next hearing in Nieto II is not until March 19, 2018. In line with judicial economy considerations, Nieto can both pursue and respond to discovery with the defendants much more efficiently in one case than in two. Reassignment and consolidation will reduce the number of depositions taken. Reassignment and consolidation will allow the parties and the court to save considerable resources, and advance the claims closer to a final disposition. Any discovery disputes can be addressed once before one judge instead of twice times before two different judges. Because Nieto's claims against the same defendants in these cases involve the same factual and legal issues, they can all be disposed of in the same proceeding. This Court already concluded that when it granted Defendants' previous Motion to Reassign and then consolidated the cases *sua sponte*. Dkt. #31, 33. The Court should do the same here with Nieto's second case.

## CONCLUSION

For the reasons stated above, Defendants Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. respectfully request that this Court enter an order finding that Nieto II is related within the meaning of Local Rule 40.4 and should be reassigned to this Court and consolidated with this case.[4]

---

[3] Defendants requested that Judge Pallmeyer grant them an enlargement of time to file their responsive pleading while this Court addresses this Motion.
[4] Defendant's Counsel reached out to Plaintiff's Counsel on several occasions to discuss whether this motion was opposed but did not receive a response.

February 14, 2018                    Respectfully submitted,

                                     MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC.

                                     Defendants

                                     */s/ Brandon S. Stein*
                                     Brandon S. Stein

### CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2018, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **MOTION TO REASSIGN AND TO CONSOLIDATE RELATED CASE PURSUANT TO LOCAL RULE 40.4 AND FED. R. CIV. P. 42** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record listed below:

Michael Jacob Wood
Celetha Chatman
Community Lawyers Group, Ltd.
73 W. Monroe
Chicago, IL 60603
(312) 757-1880
Email: mwood@communitylawyersgroup.com
       cchatman@communitylawyersgroup.com

                                     */s/ Brandon S. Stein*