# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELA RAMIREZ, FIDELA AVINA, RUEL NIETO, KATHERINE RANOS, and EVALINA GONZALEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 1:17-cv-02626<br><br>Judge: Jorge L. Alonso<br><br>Magistrate Judge: Susan E. Cox |

## AFFIDAVIT OF MICHAEL BURGER IN SUPPORT OF MIDLAND FUNDING, LLC'S MOTION TO COMPEL ARBITRATION

**BEFORE ME**, the undersigned authority, personally appeared the herein named Affiant, who, being by me duly sworn, deposed as follows:

1. I am over 18 years of age and fully competent and authorized to make this Affidavit on behalf of Midland Funding, LLC ("Midland Funding"), Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. ("Encore"). If called as a witness I could and would testify competently to the matters set forth herein.

2. I currently hold the position of Director, Legal Collections Operations for Midland Credit Management, Inc. ("MCM"). MCM is the servicer and authorized agent for Midland Funding and manages the debt that is owned by Midland Funding. In my capacity as Director, Legal Collections Operations for MCM, I am responsible for, among other things, maintaining and overseeing "media," *e.g.*, the loan agreements, debt collection records and other account information pertaining to accounts and debt that MCM manages for Midland Funding. I am familiar with the recordkeeping practices and policies of MCM and Midland Funding, and make this Affidavit of my

301067249v1 0997515

301119671v1 0997515

own personal knowledge or upon my review of the records of MCM, which are maintained in the ordinary course of business.

3. Some of the business records I reviewed, including some of the business records attached hereto, were created by businesses other than MCM. On information and believe, all of these records were made by, or from information transmitted by a person with knowledge of the event described therein, at or near the time of the event described, were kept in the ordinary course of the regularly conduct business activity of such persons, and it is the regular practice of those business activities to make and rely upon such records. These records have been incorporated into the business records of MCM and are routinely relied upon by MCM in conducting its business.

4. Midland Funding was assigned Fidela Avina's debt from Synchrony Bank ("Synchrony"), and MCM serviced Plaintiff's debt for Midland Funding. Records related to the Fidela Avina's debt were made at or near the times of occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters reflected in such records. These records are kept in the course of business activity conducted by MCM. It is the regular practice of Midland Funding to make these records as part of its business activity. I make this statement from my own personal knowledge of the matters set forth herein, or based upon my review of the business records of MCM. If called as a witness, I could and would testify competently to the matters set forth in this affidavit.

5. In my capacity as Director, Legal Collections Operations, I have familiarity with, and first-hand knowledge of, the contents of various business records that Midland Funding obtained from Synchrony related to the Synchrony credit card account with the last four digits 5070 ("the Account") in the name of Fidela Avina.

6. Pursuant to a May 20, 2017 Bill of Sale ("Bill of Sale"), Midland Funding purchased Fidela Avina's charged-off debt from Synchrony as part of a portfolio of charged-off Synchrony

2

debts. Attached hereto as Exhibit A is a redacted copy of the Bill of Sale pertaining to Synchrony's sale of the portfolio containing the Account to Midland Funding. Attached hereto as Exhibit B is a true and correct copy of the affidavit of sale of account by original creditor, further evidencing the sale of these charged-off debts to Midland Funding.

7. The information pertaining to this portfolio of charged-off debts was transferred to Midland Funding in a computerized form through a media file containing the information applicable to each of the charged-off debts.

8. Attached as Exhibit C is a redacted copy of the information in the media file identifying Fidela Avina's debt as one of the purchased debts within the portfolio and statements received by Midland Funding from Synchrony.

9. Records that Midland Funding obtained from Synchrony indicate that on or about September 23, 2016, Fidela Avina made her last purchase using the credit card related to the Account.

10. Records that Midland Funding obtained from Synchrony indicate that on or about September 15, 2016, Fidela Avina made her final payment on the Account. Exhibit C. Records that Midland Funding obtained from Synchrony indicate that the Account was charged off on or about April 19, 2017, with an outstanding balance of $3,370.89. Exhibit C.

I, Michael Burger, declare and certify that I have read the foregoing Declaration and know its contents. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2018

*[signature]*
Michael Burger
Director, Legal Collections Operations
Midland Credit Management, Inc.

3

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Diego

Subscribed and sworn to (or affirmed) before me on this __30TH__ day of __January__, 2018 by _____Michael Joseph Burger_____

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)     Signature _____

MARIA ELA
Notary Public – California
San Diego County
Commission # 2205742
My Comm. Expires Jul 17, 2021

4

# EXHIBIT A



# BILL of SALE

**Midland** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ **May 2017**

For value received and in further consideration of the mutual covenants and conditions set forth in the ▓▓▓▓▓▓▓▓▓▓▓▓▓ Purchase Agreement (the "Agreement"), dated as of this 26th day of August, 2016 by and between Synchrony Bank formerly known as GE Capital Retail Bank; RFS Holding, L.L.C.; and Retail Finance Credit Services, LLC (collectively "Seller") and Midland Funding LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, the Accounts as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on May 20, 2017, and as further described in the Agreement.

Synchrony Bank
By: *[signature]*
Ken Wojcik

Title: SVP Collections & Recovery

RFS Holding LLC
By: *[signature]*
Ken Wojcik

Title: Attorney In Fact

Retail Finance Credit Services, LLC
By: *[signature]*
Ken Wojcik

Title: Attorney In Fact

Purchase Price Reconciliation/Funding Instructions

May 22, 2017

To: Midland

This ███████████████ PURCHASE AGREEMENT, is made this 26th day of August, 2016 (the "Effective Date"), by and between Synchrony Bank formerly known as GE Capital Retail Bank; RFS Holding, L.L.C.; and Retail Finance Credit Services, LLC (collectively, "Seller") and Midland Funding LLC ("Buyer") with reference to the following facts and circumstances:

| | |
|---|---|
| Portfolio | ███ |
| Agcy_Atty Code | ███ |
| Total Number of Accounts | ███ |
| Outstanding Balances on Transfer Date | ███ |
| Cut-Off Date | May 20, 2017 |
| Transfer Date | May 20, 2017 |
| Purchase Price Factor | ███ |
| Purchase Price | ███ |
| 0%   Holdout | ███ |
| Amount of Wire transfer | ███ |
| Date of Funding: | May 30, 2017 |
| Bank: | ███ |
| ABA No. | ███ |
| Account No: | ███ |
| Account Holder: | ███ |
| Location: | ███ |

# EXHIBIT B

AFFIDAVIT OF SALE
OF ACCOUNT
BY ORIGINAL CREDITOR

State of Minnesota County of Ramsey

**Shannon Wiltgen** being duly sworn, deposes and says:

I am over 18 and not a party of this action. I am an Affidavit Documentation Specialist of Synchrony Bank formerly known as GE Capital Retail Bank. In that position I have access to creditor's books and records, and am aware of the process of the sale and assignment of electronically stored business records.

On or about **5/20/2017** Synchrony Bank formerly known as GE Capital Retail Bank sold a pool of charge-off accounts (the Accounts) by a Purchase and Sale Agreement and a Bill of Sale to **Midland Funding LLC**. As part of the sale of the Accounts, electronic records and other records were transferred on individual Accounts to the debt buyer. These records were kept in the ordinary course of business of Synchrony Bank formerly known as GE Capital Retail Bank.

The Creditor has a process to detect and correct errors on these accounts. The above statements are true to the best of my knowledge.

Signed this 18th day of July, 2017

_____
Shannon Wiltgen

Signed and sworn to before me this 18th day of July, 2017

(Notary Stamp)

NANCY ELIZABETH QUENOMOEN
Notary Public
State of Minnesota
My Commission Expires
January 31, 2022

## BLANKET CERTIFICATE OF CONFORMITY FOR NOTARY NANCY QUENOMOEN

I, Brett Rouleau, an attorney-at-law admitted to practice in the State of Minnesota and fully acquainted with the laws of the State of Minnesota do hereby certify that I am duly qualified to make this certificate of conformity and that the acknowledgement or proof upon the affidavits of merit were taken by Notary Nancy Quenomoen, a notary public in the State of Minnesota, in the manner prescribed by the laws of the State of Minnesota and confirms to the laws thereof in all respects.

IN WITNESS WHEREOF, I have hereunto set my signature, 18th day of July, 2017.

_____
Brett Rouleau
Attorney at Law, State of Minnesota

# EXHIBIT C

| Field | Field Data |
| --- | --- |
| Account_Number | ███████████ 5070 |
| First_and_Middle_Name | FIDELA |
| Last_Name | AVINA |
| SSN | *****9519 |
| Birth_Date | ███████ |
| Account_Address_1 | ███████████████ |
| City | CHICAGO |
| State | IL |
| Zip_Code | ██████████ |
| Home_Phone_Number | ██████ 8105 |
| Contract_Date | 20140103 |
| Last_Payment_Date | 20160915 |
| Last_Pay_Amount | 82 |
| Last_Purchase_Date | 20160923 |
| ChargeOff_Date | 20170419 |
| Current_Balance | 3370.89 |

Data printed from electronic records provided by SYNCHRONY BANK pursuant to the Bill of Sale / Assignment of Accounts transferred on or about 05/30/2017 in connection with the sale of accounts from SYNCHRONY BANK to Midland Funding, LLC.