# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELA RAMIREZ, FIDELA AVINA, RUEL NIETO, KATHERINE RANOS, and EVALINA GONZALEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and ENCORE CAPITAL GROUP, INC.,<br><br>Defendants. | Case No. 1:17-cv-02626<br><br>Judge: Jorge L. Alonso<br><br>Magistrate Judge: Susan E. Cox |

## AFFIDAVIT OF MICHAEL BURGER IN SUPPORT OF MIDLAND FUNDING, LLC'S MOTION TO COMPEL ARBITRATION

**BEFORE ME**, the undersigned authority, personally appeared the herein named Affiant, who, being by me duly sworn, deposed as follows:

1. I am over 18 years of age and fully competent and authorized to make this Affidavit on behalf of Midland Funding, LLC ("Midland Funding"), Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. ("Encore"). If called as a witness I could and would testify competently to the matters set forth herein.

2. I currently hold the position of Director, Legal Collections Operations for Midland Credit Management, Inc. ("MCM"). MCM is the servicer and authorized agent for Midland Funding and manages the debt that is owned by Midland Funding. In my capacity as Director, Legal Collections Operations for MCM, I am responsible for, among other things, maintaining and overseeing "media," *e.g.*, the loan agreements, debt collection records and other account information pertaining to accounts and debt that MCM manages for Midland Funding. I am familiar with the recordkeeping practices and policies of MCM and Midland Funding, and make this Affidavit of my

own personal knowledge or upon my review of the records of MCM, which are maintained in the ordinary course of business.

3. Some of the business records I reviewed, including some of the business records attached hereto, were created by businesses other than MCM. On information and believe, all of these records were made by, or from information transmitted by a person with knowledge of the event described therein, at or near the time of the event described, were kept in the ordinary course of the regularly conduct business activity of such persons, and it is the regular practice of those business activities to make and rely upon such records. These records have been incorporated into the business records of MCM and are routinely relied upon by MCM in conducting its business.

4. Midland Funding was assigned Ruel Nieto's debt from Dell Financial Services, LLC ("DFS"), and MCM serviced Plaintiff's debt for Midland Funding. Records related to the Ruel Nieto's debt were made at or near the times of occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters reflected in such records. These records are kept in the course of business activity conducted by MCM. It is the regular practice of Midland Funding to make these records as part of its business activity. I make this statement from my own personal knowledge of the matters set forth herein, or based upon my review of the business records of MCM. If called as a witness, I could and would testify competently to the matters set forth in this affidavit.

5. In my capacity as Director, Legal Collections Operations, I have familiarity with, and first-hand knowledge of, the contents of various business records that Midland Funding obtained from DFS related to the DFS credit card account with the last four digits 3036 ("the Account") in the name of Ruel Nieto.

6. Pursuant to a February 11, 2016 Bill of Sale ("Bill of Sale"), Midland Funding purchased Ruel Nieto's charged-off debt from DFS as part of a portfolio of charged-off DFS debts.

301067303v1 0997515

301119664v1 0997515

Attached hereto as Exhibit A is a redacted copy of the Bill of Sale pertaining to DFS's sale of the portfolio containing the Account to Midland Funding. Attached hereto as Exhibit B is a true and correct copy of the affidavit of sale of account by original creditor, further evidencing the sale of these charged-off debts to Midland Funding.

7. The information pertaining to this portfolio of charged-off debts was transferred to Midland Funding in a computerized form through a media file containing the information applicable to each of the charged-off debts.

8. Attached as Exhibit C is a redacted copy of the information in the media file identifying Ruel Nieto's debt as one of the purchased debts within the portfolio and statements received by Midland Funding from DFS.

9. Records that Midland Funding obtained from DFS indicate that on or about November 25, 2015, Ruel Nieto made his last purchase using the credit card related to the Account.

10. Records that Midland Funding obtained from DFS indicate that on or about October 16, 2015, Ruel Nieto made his final payment on the Account. Exhibit C. Records that Midland Funding obtained from DFS indicate that the Account was charged off on or about May 23, 2016, with an outstanding balance of $4,018.54. Exhibit C.

I, Michael Burger, declare and certify that I have read the foregoing Declaration and know its contents. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of February, 2018

_____
Michael Burger
Director, Legal Collections Operations
Midland Credit Management, Inc.

3

# California Jurat Certificate

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** San Diego

S.S.

Subscribed and sworn to (or affirmed) before me on this __8__ day of __February__, 20 __18__, by __Michael Burger__ and _____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

K. Yrby
K. Yerby

K. YERBY
Comm. #2092720
Notary Public · California
San Diego County
Comm. Expires Dec 8, 2018

──────── OPTIONAL INFORMATION ────────

## Description of Attached Document

The certificate is attached to a document titled/for the purpose of

Affidavit of Michael Burger

containing __3__ pages, and dated __2/8/18__

### Additional Information

**Method of Affiant Identification**

Proved to me on the basis of satisfactory evidence:
☒ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # __78__  Entry # __5__

Notary contact: _____

Other

☐ Affiant(s) Thumbprint(s)  ☐ Describe: _____

# EXHIBIT A

# BILL OF SALE

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Master Account Purchase Agreement between Dell Financial Services L.L.C. ("Seller") and Midland Funding LLC ("Purchaser"), dated as of <u>02/11/2016</u> ("Effective Date"), and incorporated herein by reference, Seller does hereby sell, assign, transfer, deliver and convey to Purchaser, and its successors and assigns all rights, title and interests of Seller in and to those certain Purchased Accounts described in Exhibit A -1 attached hereto and made a part hereof for all purposes.

For purposes of this Bill of Sale the File Creation Date shall be <u>06/13/2016</u>. Unless otherwise defined herein, all capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

To the best of Seller's knowledge and belief, all of the information contained in the Purchased Accounts File, and Seller's Purchased Accounts Information, is and shall be true, complete, accurate and not misleading in any material respect. Further, all of the information contained in Seller's Purchased Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts; and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Purchased Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records, or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

Dell - Restricted - Confidential

FY17 FFDS FCO Bill of Sale Month 5

This BILL OF SALE is executed without recourse and without any representation or any warranty of collectability or otherwise, expressed or implied, except as provided in the Account Purchase Agreement.

EXECUTED this 28th day of June, 2016

SELLER:

DELL FINANCIAL SERVICES L.L.C.

By: *[signature]*

Print Name: Stephen Sippel

Print Title: Executive Director, Risk Operations

PURCHASER:

MIDLAND FUNDING LLC

By:_____

Print Name: Amy Anuk

Print Title: Sr. Vice President, BD

# BILL OF SALE

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Master Account Purchase Agreement between Dell Financial Services L.L.C. ("Seller") and Midland Funding LLC ("Purchaser"), dated as of 02/11/2016 ("Effective Date"), and incorporated herein by reference, Seller does hereby sell, assign, transfer, deliver and convey to Purchaser, and its successors and assigns all rights, title and interests of Seller in and to those certain Purchased Accounts described in Exhibit A -1 attached hereto and made a part hereof for all purposes.

For purposes of this Bill of Sale the File Creation Date shall be 06/13/2016. Unless otherwise defined herein, all capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

To the best of Seller's knowledge and belief, all of the information contained in the Purchased Accounts File, and Seller's Purchased Accounts Information, is and shall be true, complete, accurate and not misleading in any material respect. Further, all of the information contained in Seller's Purchased Accounts Information (a) constitutes Seller's own business records regarding the Purchased Accounts; and (b) accurately reflects in all material respects the information about the Purchased Accounts in Seller's possession. All of Seller's Purchased Accounts Information has been kept in the regular course of Seller's business, and was made or compiled at or near the time of the event and recorded by (or from information transmitted by) a person (i) with knowledge of the data entered into and maintained in Seller's business records, or (ii) who caused the data to be entered into and maintained in Seller's business records. It is the regular practice of Seller's business to maintain and compile such data.

This BILL OF SALE is executed without recourse and without any representation or any warranty of collectability or otherwise, expressed or implied, except as provided in the Account Purchase Agreement.

EXECUTED this 28th day of June, 2016

SELLER:

DELL FINANCIAL SERVICES L.L.C.

By: *[signature]*

Print Name: Stephen Sippel

Print Title: Executive Director, Risk Operations

PURCHASER:

MIDLAND FUNDING LLC

By:_____

Print Name: Amy Anuk

Print Title: Sr. Vice President, BD

## EXHIBIT A-1

## TO

## BILL OF SALE

The Purchased Accounts are the Charged-Off Accounts that are included in the file named ███████████████████ dated 06/13/2016 and incorporated herein by reference, which is defined in the Agreement as the Purchased Accounts File.

████████████████████

**BILL OF SALE**

FOR VALUE RECEIVED, and pursuant to the terms and conditions of the Account Purchase Agreement ("Account Purchase Agreement") among WebBank ("Bank"), Dell Revolver Company L.P. ("Revolver"), and Dell Financial Services L.L.C. ("DFS"), dated January 7, 2011, Bank does hereby sell, assign and convey to DFS as Designee for Revolver, its successors and assigns, as of the charge off date thereof, title and interest of Bank in and to those certain accounts described in Schedule 1 attached hereto and made a part hereof for all purposes. Terms used herein shall have the meanings set forth in the Account Purchase Agreement.

This BILL OF SALE is executed without recourse and without representation of any warranty of collectability or otherwise, expressed or implied, except as may be specifically provided in the Program Documents.

Dated this 27 day of June, 2016.

WEBBANK

By: _____

Name: Kelly M. Barnett
Title: President

## Schedule 1

## to

## Bill of Sale dated June 27, 2016

Accounts specifically identified in the following file: <u>FreshCO_FF_June2016_sales_WebBank.xlsx</u>

is saved and encrypted on Hyperoffice at the following path: <u>WebBank / DFS / Asset Transfer / June (2016) FY17 FFDS Month 5</u>

# EXHIBIT B

# AFFIDAVIT OF SALE OF ACCOUNTS BY ORIGINAL CREDITOR (WebBank)

STATE OF UTAH
COUNTY OF SALT LAKE

Kelly M. Barnett, being duly sworn, deposes and says:

1. I am over 18 and not a party, nor employed by a party, to the sale of certain accounts by Dell Financial Services L.L.C. to Midland Funding, LLC. I am President of WebBank. In that capacity, I am aware of the process of the sale and assignment of electronically stored business records.
2. WebBank owned certain accounts and instructed its servicer, Dell Financial Services L.L.C., to maintain and record certain information in the records as they relate to such accounts. I am authorized to make the statements and representations set forth in this affidavit on behalf of WebBank. The statements set forth herein are true and correct based on either personal knowledge or review of the business records of WebBank.
3. My duties include having knowledge of, and access through WebBank's servicer, Dell Financial Services L.L.C., to certain business records relating to the Accounts (as defined below). These records are kept by WebBank's servicer, Dell Financial Services L.L.C., on behalf of WebBank in the regular course of business.
4. On or before June 27, 2016, WebBank ("Transferor") transferred (or caused to be transferred) or otherwise conveyed a pool of accounts, including certain charged-off accounts (the "Accounts") to Dell Financial Services L.L.C. ("Transferee"). Pursuant to the bill of sale, Transferor sold, transferred, assigned, conveyed, granted, bargained, set over and delivered to Transferee and its successors and permitted assigns, all right, title and interest the Transferor held in the Accounts free and clear of any lien created by Transferor, except for any interest of Transferee and its affiliates.
5. Dell Financial Services. L.L.C. was the servicer of the Accounts from the origination of the Accounts through June 28, 2016. In its role as servicer of the Accounts, Dell Financial Services L.L.C. kept and maintained business records on behalf of WebBank in the regular course of business, and it was in the regular course of business of Dell Financial Services L.L.C. for an employee or representative with personal knowledge of the, event condition or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records at or near the time of occurrence.
6. The above statements are true to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

Signed this 15th day of July, 2016.

_Kelly M. Barnett_
Kelly M. Barnett
WebBank

Subscribed and sworn to before me this 15 day of July, 2016, by Kelly M. Barnett, an employee of WebBank.

_Shannon Noel_
Notary Public

SHANNON NOEL
Notary Public
State of Utah
Comm. No. 666849
My Comm. Expires Jul 20, 2017

**CERTIFICATE OF CONFORMITY**

STATE OF UTAH
CITY OF SALT LAKE

I am a member of the Utah State Bar and licensed to practice law in the State of Utah. The form of the foregoing sworn statement and the form of the notary certificate each complies with the laws of the State of Utah, which is the state in which the statement is given, and if properly sworn and executed qualifies as a valid and effective affidavit in the State of Utah.

7/18/2016
Date

_Jon G. Reed_
Attorney at law in the State of Utah

Dell - Restricted - Confidential
FY17 FFDS FCO WB OC Month 5

# EXHIBIT C

| Field | Field Data |
| --- | --- |
| V_ACCOUNT_NUMBER | ███████████ 3036 |
| ACCOUNT_OPEN_DATE | 03/23/2006 |
| DATE_OF_LST_PURCH | 11/25/2015 |
| AMT_OF_LST_PURCH | $1,344.91 |
| LST_PAYMENT_DATE | 10/16/2015 |
| LST_PAYMENT_AMT | $80.00 |
| CO_DATE | 05/23/2016 |
| CO_AMT | $4,018.54 |
| CURR_BALANCE | $4,018.54 |
| CUST_NAME | RUEL NIETO |
| CUST_ADDRESS_1 | ███████████ |
| CUST_CITY | NORTHBROOK |
| CUST_STATE | IL |
| CUST_ZIP_CODE | ███ |
| CUSTOMER_PHONE_1 | ██████ 1744 |
| SSN | *****1952 |
| DOB | ███████ |

Data printed from electronic records provided by Dell Financial Services L.L.C. pursuant to the Bill of Sale / Assignment of Accounts transferred on or about 06/28/2016 in connection with the sale of accounts from Dell Financial Services L.L.C. to Midland Funding, LLC.