# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GABRIELA RAMIREZ, FIDELA AVINA, RUEL NIETO, KATHERINE RANOS, and EVALINA GONZALEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Case No.17-cv-2626 |
| v. | ) ) Judge: Jorge L. Alonso |
| MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC; and ENCORE CAPITAL GROUP, INC., | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS COMPLAINT**

Defendants, MIDLAND FUNDING, LLC, ("MF"), MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and ENCORE CAPITAL GROUP, INC. ("Encore"), by and through its undersigned attorneys, in answer to Plaintiffs' First Amended Class Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER:** **Defendants admit that this Court generally has jurisdiction over claims arising under 15 U.S.C. § 1692 but Defendants deny Plaintiff as any such claims.**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**ANSWER:** **Defendants do not contest venue. Defendants deny any remaining allegations contained in this paragraph.**

## STANDING

3. Defendants sent a collection letter to Plaintiffs that offered flexible payment options, and falsely threatened that flexible payment options may no longer be available if the account is referred to an attorney.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

4. Plaintiffs have a congressionally defined right to receive all communications from a debt collector free from any false statements. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

**ANSWER:** **The allegations in this paragraph contain legal conclusions to which no response is required. If a response is deemed necessary, Defendants admit that Plaintiff attempts to paraphrase the law. Defendants state that they did not violate the FDCPA of any other laws. Defendants deny any remaining allegations contained in this paragraph.**

5. Plaintiffs have thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## PARTIES

6. Plaintiff, Gabriela Ramirez ("Plaintiff Ramirez"), is a resident of the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a

2

defaulted Citibank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** **Defendants admit that MCM attempted to collect an outstanding financial obligation from Plaintiff Ramirez. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

7. Plaintiff, Fidela Avina ("Plaintiff Avina"), is a resident of the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Synchrony Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** **Defendants admit that MCM attempted to collect an outstanding financial obligation from Plaintiff Avina. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

8. Plaintiff, Katherine M. Ranos ("Plaintiff Ranos"), is a resident of the State of Illinois from whom Defendants attempted to collect a delinquent "consumer" debt allegedly owed for a defaulted Citibank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** **Defendants admit that MCM attempted to collect an outstanding financial obligation from Plaintiff Ranos. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

9. Plaintiff, Ruel Nieto ("Plaintiff Nieto"), is a resident of the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted

300773611v1 0997515

Webbank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** **Defendants admit that MCM attempted to collect an outstanding financial obligation from Plaintiff Nieto. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

10. Plaintiff, Evalina Gonzalez ("Plaintiff Gonzalez"), is a resident of the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comenity Capital Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:** **Defendants admit that MCM attempted to collect an outstanding financial obligation from Plaintiff Gonzalez. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

11. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

**ANSWER:** **Defendants admit that MF is a Delaware limited liability company with a principal place of business in San Diego, California. Defendants admit that MF is licensed to do business in Illinois. Defendants deny the remaining allegations contained in this paragraph.**

300773611v1 0997515

12. Midland holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

**ANSWER:** **Defendants admit that MF holds a collection agency license from the State of Illinois.**

13. Midland's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See* SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed November 16, 2017).

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

14. Midland files hundreds of cases each month against consumers in Illinois.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

15. Thus Midland is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

16. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit C, Record from Illinois Secretary of State).

**ANSWER:** **Defendants admit that MCM is a Kansas corporation with a principal place of business in San Diego, California and is licensed to do business in Illinois. Defendants admit that MCM's registered agent is located at 801 Adlai Stevenson Drive, Springfield, Illinois. Defendants deny any remaining allegations contained in this paragraph.**

300773611v1 0997515

17. MCM holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

**ANSWER:** **Defendants admit that MCM holds a collection agency license from the State of Illinois.**

18. MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** **Defendants admit that in certain circumstances and in certain instances MCM attempts to collect defaulted consumer debts and acts as a debt collect as defined by the FDCPA. Defendants lack knowledge or information sufficient to form a belief regarding whether it acted as a debt collector as to Plaintiffs because they do not know the nature of Plaintiffs' debt.**

19. Encore Capital Group, Inc. ("Encore") is a Delaware Corporation. It does not maintain a registered agent in Illinois. Its registered agent and office is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808. (Exhibit E, Record from the Delaware Secretary of State).

**ANSWER:** **Defendants admit that Encore is a Delaware Corporation. Encore's registered agent is located in Wilmington, Delaware.**

20. Encores' SEC filing for 2017 states in part:

> We purchase portfolios of defaulted consumer receivables at deep discounts to face value and manage them by working with individuals as they repay their obligations and work toward financial recovery. Defaulted receivables are consumers' unpaid financial commitments to credit originators, including banks, credit unions, consumer finance companies, commercial retailers, and telecommunication companies. Defaulted receivables may also include receivables subject to bankruptcy proceedings.

6

**ANSWER:** **Defendants admit that Encore's 2017 SEC filing contains the language in this paragraph but denies that the information in this paragraph completely quotes the SEC filing.**

21. Encore's primary purpose is the collection of debt as it derives a majority of its revenue from the collection of defaulted consumer receivables and it is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph**

## FACTUAL ALLEGATIONS

22. According to Defendants, Plaintiff Ramirez incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:** **Defendants admit that Plaintiff Ramirez incurred a financial obligation for Citibank. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because they do not know the nature of the debt.**

23. According to Defendants, Plaintiff Avina incurred an alleged debt for goods and services used for personal purposes, originally for a Synchrony Bank consumer credit card account ("Avina alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:** **Defendants admit that Plaintiff Avina incurred a financial obligation for Synchrony Bank. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because they do not know the nature of the debt.**

300773611v1 0997515

24. According to Defendants, Plaintiff Ranos incurred an alleged debt for goods and services used for personal purposes, originally for a Citibank consumer credit card account ("Ranos alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: Defendants admit that Plaintiff Ranos incurred a financial obligation for Citibank. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because they do not know the nature of the debt.**

25. According to Defendants, Plaintiff Nieto incurred an alleged debt for goods and services used for personal purposes, originally for a Webbank consumer credit card account ("Nieto alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: Defendants admit that Plaintiff Nieto incurred a financial obligation for Webbank/Dell Financial Services. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because they do not know the nature of the debt.**

26. According to Defendants, Plaintiff Gonzalez incurred an alleged debt for goods and services used for personal purposes, originally for a Comenity Capital Bank consumer credit card account ("Gonzalez alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: Defendants admit that Plaintiff Gonzalez incurred a financial obligation for Comenity Capital Bank. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because they do not know the nature of the debt.**

27. Due to their financial circumstances, Plaintiffs could not pay any debts, and the alleged debts went into default.

8

**ANSWER:** **Defendants admit Plaintiffs did not pay their debts. Defendants lack knowledge or information sufficient to form a belief regarding the remaining truth of the allegations in this paragraph.**

28. Midland subsequently purchased the Ramirez alleged debt, Avina alleged debt, Ranos alleged debt, Nieto alleged debt, and Gonzalez alleged debt (collectively the "Accounts") and retained MCM to assist with collection.

**ANSWER:** **Defendants admit that MF purchased the Plaintiffs' accounts and placed them with MCM for servicing.**

29. MCM then sent collection letters to Plaintiffs regarding the Accounts. (Group Exhibit F).

**ANSWER:** **Defendants admits that MCM sent correspondence to Plaintiffs**

30. Group Exhibit F conveys information regarding each of the Accounts, including an account number, the identity of the original creditor and a current balance.

**ANSWER:** **Defendants admits that the correspondence sent to Plaintiffs contained information related to their accounts.**

31. Each letter in Group Exhibit F is thus a "communication" as that term is defined at §1692a of the FDCPA.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

32. All of the Letters in Group Exhibit F states in relevant part:

> **If the account goes to an attorney, our flexible options may no longer be available to you.**

(Group Ex. F)

9

Case: 1:17-cv-02626 Document #: 57-1 Filed: 03/16/19 Page 10 of 15 PageID #:333

**ANSWER: Defendants admit that the correspondence sent to Plaintiffs contained the language in this allegation. Defendants deny that this allegation completely characterizes each correspondence.**

33. Plaintiffs believed, and the unsophisticated consumer would believe, that MCM was threatening to no longer allow settlement, or monthly payments, or any flexible payment options once the account was forwarded to an attorney.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

34. The threat was a false threat.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

35. MCM routinely offers flexible payment options after forwarding an account to an attorney.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

36. In fact, it is the pattern and practice of MCM to allow flexible payment options, including payment plans for small amounts, even after a lawsuit has been filed and a judgment obtained, including payments as small as $25 per month.

**ANSWER: Defendants deny that this allegation completely and accurately characterizes MCM's business.**

37. Defendants' threat not to make such flexible options available if the account goes to an attorney is patently false.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

38. MCM made the false threat in an attempt to coerce Plaintiffs into agreeing to a payment at that time, even if they could not afford payments at that time.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

39. MCM always intended to make flexible payment options to Plaintiffs at any time they became willing to make any payments at all.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

40. Plaintiffs did not have the money necessary to pay the account in full and were not aware that Defendants would have accepted small payments in the future.

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

41. Conditional language (i.e. "flexible payment options *may* no longer be available"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs.*, LLC, 660 F. 3d 1055 (9th Cir. 2011) (cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012)).

**ANSWER:** **The allegations in this paragraph contain legal conclusions to which no response is required. If a response is deemed necessary, Defendants state that the allegations in this paragraph purport to quote case law.**

42. 15 U.S.C. § 1692e of the FDCPA provides as follows:

   **False or misleading representations**

   **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken...**

**ANSWER:** **Defendants admit that the allegations in this paragraph purport to quote the FDCPA but deny that Plaintiff has any such claim herein.**

11

43.   MCM threatened an action that it did not intend to take, in violation of 15 U.S.C. § 1692e(5), when it stated to Plaintiffs that once their account was forwarded to an attorney, flexible payment options would no longer be available to them.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

44.   15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

**ANSWER:   Defendants admit that the allegations in this paragraph purport to quote the FDCPA but deny that Plaintiff has any such claim herein.**

45.   Midland used unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, when it authorized its servicer to threaten Plaintiffs that no more settlements would be offered if their account was forwarded to an attorney.

**ANSWER:   Defendants deny the allegations contained in this paragraph.**

46.   The statement "if the account goes to an attorney, our flexible options may no longer be available" can be deceptive to the unsophisticated consumer, particularly when such options continue to be available. *Haddad v. Midland Funding, LLC*, No. 16 C 3942, 2017 WL 1550187, at *8 (N.D. Ill. May 1, 2017) (denying Defendant's motion for judgment on the pleadings) (emphasis added).

**ANSWER:   The allegations in this paragraph contain legal conclusions to which no response is required. If a response is deemed necessary, Defendants state that the allegations in this paragraph purport to quote case law.**

47.   The use of such carefully worded statements that are designed to conceal the truth from a consumer violates the FDCPA as a matter of law. *Pantoja v. Portfolio Recovery Assocs., LLC*, No.

12

15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017) (holding that carefully crafted language that obscures related information is the sort of misleading tactic the FDCPA prohibits).

**ANSWER:** **The allegations in this paragraph contain legal conclusions to which no response is required. If a response is deemed necessary, Defendants state that the allegations in this paragraph purport to quote case law but denies that it completely states the law as a whole.**

48. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision-making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, MCM's misrepresentation that the Letter was Plaintiff's last chance to work with them, or that their flexible payment options would no longer be available to her once the account was referred to an attorney could cause Plaintiff, who could not afford to pay all of her debts, to prioritize the alleged debt over other debts or over food and rent, or could cause Plaintiff to enter into a payment arrangement using exempt funds to pay, such as social security or unemployment. The use of any false threats in connection with an attempt to collect a debt violates the FDCPA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

49. Midland bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including MCM. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

**ANSWER:** **The allegations in this paragraph contain legal conclusions to which no response is required. To the extent, a response is deemed necessary, Defendants deny the allegations in this paragraph.**

13

50. Encore bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Midland and MCM. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

**ANSWER:** **The allegations in this paragraph contain legal conclusions to which no response is required. To the extent, a response is deemed necessary, Defendants deny the allegations in this paragraph.**

51. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** **Defendants lack knowledge or information sufficient to form a belief regarding the remaining truth of the allegations in this paragraph.**

## CLASS ALLEGATIONS

52. Plaintiffs brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted consumer credit card account (3) using a letter substantially similar to Group Exhibit F (4) which was sent on or after April 6, 2016, or on or before November 16, 2017.

**ANSWER:** **Defendants admit that Plaintiffs attempt to bring a class action. Defendants deny a class exists or should be certified, deny that the Plaintiffs or anyone has been damages or is entitled to recover anything, and deny the remaining allegations in this paragraph, if any.**

53. As Group Exhibit F is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted consumer credit account using a letter substantially similar to Group Exhibit F.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

14

Case: 1:17-cv-02626 Document #: 95-1 Filed: 09/06/19 Page 16 of 19 PageID #:867

54. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

55. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

56. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in class action litigation including class actions brought under the FDCPA.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

57. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendants restate and re-allege each of their responses to the preceding paragraphs of the Complaint as though fully set forth herein.**

15

58. MCM threatened an action that it did not intend to take, in violation of 15 U.S.C. § 1692e(5), when it stated to Plaintiffs that once their account was forwarded to an attorney, flexible payment options may no longer be available.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

59. Midland used unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it authorized its servicer to threaten Plaintiffs that flexible payment options may not be offered if their account was forwarded to an attorney.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

Defendants, MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC and ENCORE CAPITAL GROUP, INC., by and through their undersigned counsel, and for their Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendants affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Midland Funding (MF) has a policy and procedure for placing accounts with Midland Credit Management (MCM) for servicing. MCM directs its customers to call or write account inquiries, including inquiries regarding correspondence sent to the customer, to a specific number and address for its Consumer Support Services department. If a customer has an inquiry regarding settlement of an account, it is a policy and procedure of MCM to properly communicate the customer's options based upon the details of his account. Settlement options for an account vary due to the details of an account. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

2. Defendants deny that Plaintiff has suffered any damages as a result of Defendants' conduct. Plaintiff has not showed any damages which can be contributed to the specific actions of Defendants alleged in this case.

3. Defendants affirmatively states that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims. Plaintiff has not showed an injury in fact which can be contributed to the specific actions of Defendants alleged in this case.

4. Defendants assert that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. Defendants may possess certain arbitration rights based on one

16

or more contracts entered into by Plaintiff. As such, this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendants, MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC and ENCORE CAPITAL GROUP, INC., pray that Plaintiff's Complaint be dismissed with prejudice, for their attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP


    /s/ *Lindsey Conley*
    Lindsey Conley


David M. Schultz
Lindsey Conley
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

17

Case: 1:17-cv-02626 Document #: 57 Filed: 03/16/18 Page 19 of 19 PageID #:341

## CERTIFICATE OF SERVICE

  I, Lindsey Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on March 16 2018.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Michael J. Wood |
| ___ | Federal Express | Celetha C. Chatman |
| ___ | E-Mail & U.S. Mail | Holly McCurdy |
| ___ | Messenger | Sarah Barnes |

COMMUNITY LAWYERS GROUP, LTD.
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Phone: (312) 757-1880
Fax: (312) 265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

David M. Schultz     */s/ Lindsey Conley*
Lindsey A.L. Conley    Lindsey Conley
HINSHAW & CULBERTSON LLP   One of the Attorneys for Defendants
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
lconley@hinshawlaw.com